**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x
**UNITED STATES OF AMERICA,**                     :
                                                  :
                                                  :
      **-against-**                     :        **21-CR-702 (ALC)**
                                                  :
**MARVIN MINOTT,** ᴀᴋᴀ **TYSON SMITH,**           :        <u>**ORDER POSTPONING**</u>
                                                  :        <u>**SENTENCING AND**</u>
                                                  :        <u>**ORDERING A JOINT**</u>
           **Defendant.**   :        <u>**STATUS REPORT**</u>
                                                  :
                                                  :
------------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., District Judge:**

      Defendant Marvin Minott pleaded guilty to being a felon in possession of

ammunition, in violation of Title 18, United States Code, Section 922(g)(1).  The parties dispute

two matters relevant to determining the guideline range:  whether the cross-reference to the

attempted murder guideline applies; and whether Minott's 2012 youthful offender adjudication

should be counted as a prior conviction under the guidelines.


      "When any factor important to the sentencing determination is reasonably in dispute, the

parties shall be given an adequate opportunity to present information to the court regarding that

factor." U.S.S.G. § 6A1.3(a).   At an evidentiary hearing concerning these issues—called a

*Fatico* hearing—the government would bear the burden of proof, requiring it to establish that the

facts supporting the calculation of the guideline range are "more likely than not true." *United*

*States v. Rizzo*, 349 F.3d 94, 98 (2d Cir. 2003); *see also United States v. Scaretta*, 912 F. Supp.

48, 50 (E.D.N.Y. 1996) (citing cases).

By July17, the parties should file a joint status report concerning what process the Court should use—an evidentiary hearing, written submissions, stipulation, etc.—to determine whether the government has proven, by a preponderance of the evidence, disputed facts relevant to the guideline calculation.[1]  The sentencing hearing, scheduled for July 11, is adjourned.

**SO ORDERED.**

**Dated: July 8, 2024**
       **New York, New York**

　　　　　　　　　　　　　　　　　　　　　 **/s/ Andrew L. Carter, Jr.**
                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**

---

[1] The government asserts that the defense does not dispute the facts–video footage, the physical evidence recovered from the defendant's apartment, and Facebook messages, but rather the inferences to be drawn from these facts. Consequently, the government believes that the Court can resolve these issues as a matter of law without the need for a *Fatico* hearing.(ECF. Doc 94 p. 6).